## SECOND RECOVERY OF JUDGMENT FOR ALIMONY PERMISSIBLE.

[Circuit Court of Hamilton County.]

FREDERICKA SCHRADIN v. JACOB SCHRADIN.

Decided, December 12, 1902.

*Alimony—Policy of the Law—Reconciliation and Second Separation— Statutory Bar.*

It is not the policy of the law that a wife should become reconciled to her husband at her peril, and where a reconcilation is followed by a second separation, she is not barred from maintaining a second action for alimony.

SWING, J.; GIFFEN, P. J., and JELKE, J., concur.

Prior to August 25, 1890, Fredericka Schradin and Jacob Schradin had been married, and were living together as husband and wife.

On August 25, 1890, Fredericka Schradin brought an action in the court of common pleas in cause No. 87756 against Jacob Schradin under R. S., 5702 and 5703, for alimony alone—not for divorce. On March 3, 1891, an entry was made in said cause providing among other things as follows:

"And it further appearing to the court that the parties to this action have agreed upon a sum to be paid by the defendant to the plaintiff in full payment of her alimony and dower interest, and other claims in and to his property and estate, the court does hereby in accordance with said agreement, and by and with the consent of the parties hereto, order and decree that the defendant pay to the plaintiff in full of her allowance of alimony, and of her dower and other interests and rights in and to the estate and property of defendant, the sum of one thousand ($1,000) dollars as follows: Three hundred ($300) dollars in cash; two hundred ($200) dollars in one year thereafter; two hundred ($200) dollars in two years thereafter; two hundred ($200) dollars in three years thereafter, and one hundred ($100) dollars in four years thereafter; the deferred payments to bear 5 per cent. interest, and the same is hereby made a lien upon all the real estate of defendant and described in the petition."

The defendant paid the money, and satisfied that decree. After that plaintiff and defendant lived separate and apart until August, 1900, when at the solicitation of her husband, Jacob, who was injured and sick, Fredericka returned and resumed living with him as his wife, nursed him and performed her household duties, abandoning the separate home she had established. On August 20, 1901, Fredericka again filed an action for alimony making allegations which would bring the case within R. S., 5702.

The foregoing facts appear in the petition, answer and reply in this latter action No. 121891. Defendant filed a demurrer to the reply and petition, searching the record. The court below sustained the demurrer, and entered judgment for the defendant. Was the former action No. 87756 a bar to the latter No. 121891?

We are of the opinion that it was not. This is a different case from cases like Law v. Law, 64 O. S., 369; Andress v. Andress, 7 N. P., 283.

The marital tie continued to subsist, and the parties subsequent to the former decree resumed the marital relation. It is not a change in the separate condition of either. As long as their separation continues, no change in their several conditions can do away with their agreement and the entry made thereon. It is a change in their mutual condition or relation, which changes all that has been done or agreed to theretofore. The policy of the law is not to have a wife become reconciled to her husband at her peril. We do not mean to say that the trial court may not have regard to the money paid under the former agreement and decree, but that is but one of the things to be taken into consideration with all subsequent happenings together with all the circumstances and conditions when the court is called on to act.

Judgment reversed.

*Louis G. Hummel,* for plaintiff in error.

*Jerome D. Creed,* contra.